WEIMER, Justice.
| |We granted certiorari in this case to determine whether La. R.S. 14:100.13, *414 which punishes as a felony the operation of a motor vehicle by an alien student or nonresident alien without documentation demonstrating lawful presence in the United States, is preempted by federal law under the Supreme Court’s recent decision in Arizona v. United States, — U.S.-, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012). Finding that the statute operates in the field of alien registration and is, therefore, preempted by federal law under the Supremacy Clause of the U.S. Constitution as interpreted by the Supreme Court in Arizona, we reverse the rulings of the lower courts and render judgment granting the defendant’s motion to quash.
FACTS AND PROCEDURAL HISTORY
On August 2, 2012, defendant Bonifacio Ramirez was arrested during a traffic stop in Lafayette Parish for operating a motor vehicle without documentation demonstrating that he is lawfully present in the United States, a violation of La. R.S. 14:100.13. On August 15, 2012, he filed a petition for writ of habeas corpus in the | {¡district court in which he contended that La. R.S. 14:100.13 is preempted by federal law. He was formally charged by bill of information on August 16, 2012. After posting bond, he was released from the custody of the Lafayette Parish Sheriff and transferred to a federal immigration detention center. Thereafter, at a hearing on September 4, 2012, defendant requested that his habeas corpus petition be considered as a motion to quash the bill of information, since he was no longer in State custody. The State had no objection to this request. After entertaining the arguments of the parties, the district court denied the motion to quash, concluding that “the State does have power to regulate driving in the State.”
The defendant applied for review to the Court of Appeal, Third Circuit. In a ruling issued January 7, 2013, the court of appeal denied the defendant’s writ application, finding “no error” in the district court’s ruling. State v. Ramirez, 12-1245 (La.App. 3 Cir. 1/7/13) (unpub’d). One member of the appellate panel, Judge Gremillion, dissented, noting that he would have called up the writ for argument. Id.
On defendant’s application, we granted certiorari[1] and consolidated this case for argument with two additional cases from the Third Circuit, which are decided in separate opinions issued contemporaneously with this matter. State v. Marquez, 12-1316 (La.App. 3 Cir. 1/7/13) (unpub’d), writ granted, 13-0315 (La.5/3/13), 112 So.3d 851; State v. Sarrabea, 12-1013 (La.App. 3 Cir. 5/1/13), - So.3d -, 2013 WL 1810228, writ granted, 13-1271 (La.6/26/13), 118 So.3d 428.
LAW AND ANALYSIS
For the reasons assigned this day in State v. Sarrabea, 13-1271 (La.10/15/13), 126 So.3d 453, 2013 WL 5788888, we find that despite its laudable goals, La. R.S. 14:100.13 is preempted by federal law. More particularly, we find that the decision of the IsSupreme Court in Arizona, supra, is both controlling and dispositive of the issue presented and that, following Arizona, we are constrained to hold that La. R.S. 14:100.13 operates in the field of alien registration and is, therefore, preempted by federal law under the Supremacy Clause of the U.S. Constitution. As a result, we find that the lower courts erred in denying the defendant’s motion to quash the bill of information.
DECREE
The judgments of the lower courts are reversed and set aside, and judgment is *415 hereby rendered granting defendant’s motion to quash.
REVERSED.
VICTORY, Justice, dissents with reasons.
HUGHES, Justice, dissents with reasons.

. State v. Ramirez, 13-0276 (La.5/3/13), 112 So.3d 851.